IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CYNTHIA A. WIBER,               :
                                :
    Plaintiff,                  :
                                :
vs.                             :
                                :   CIVIL ACTION 14-0106-M
CAROLYN W. COLVIN,              :
Social Security Commissioner,   :
                                :
    Defendant.                  :

MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied claims for disability insurance benefits and Supplemental Security Income (hereinafter *SSI*) (Docs. 1, 12). The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 18). Oral argument was waived in this action (Doc. 17). Upon consideration of the administrative record and the memoranda of the parties, it is **ORDERED** that the decision of the Commissioner be **AFFIRMED** and that this action be **DISMISSED.**

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health

1

Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the most recent administrative hearing, Wiber was fifty-five years old, had acquired some college education (Tr. 38-29), and had previous work experience as an automobile rental clerk, hospital admitting clerk, title clerk, typist, and hotel clerk (Tr. 52-53). In claiming benefits, Plaintiff alleges disability due to major depression and bipolar disorder (Doc. 12 Fact Sheet).

The Plaintiff filed applications for disability insurance and SSI on December 23, 2009 (Tr. 106-07).[1] Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that Wiber was capable of performing some of her past relevant work (Tr. 111-23). The Appeals Council, however,

---

[1] Wiber filed on January 4, 2008 (Tr. 104-05) and again on December 23, 2009 (Tr. 106-07). As the more recent applications claim disability as of January 30, 2009, they would appear to be the proper applications under consideration in this action. This finding comports with the ALJ's latest decision (Tr. 18).

remanded the action back to the ALJ for consideration (Tr. 130-31). Following a new evidentiary hearing, the ALJ held that although she could not perform any of her past relevant work, Wiber was capable of performing specified jobs (Tr. 18-28). Plaintiff requested review of the hearing decision (Tr. 14) by the Appeals Council, but it was denied (Tr. 1-5).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence. Specifically, Wiber alleges the single claim that the ALJ did not properly explain her rejection of Plaintiff's testimony (Doc. 12). Defendant has responded to—and denies—this claim (Doc. 13).

In bringing this action, Wiber asserts that the ALJ did not properly explain the rejection of her testimony. In arguing her claim, Plaintiff references a single page in the 489-page transcript as support for her assertions of "blurred vision and clenched teeth" (Doc. 12, p. 3; *see also* Tr. 485). There is a further assertion of "the up-and-down nature of Plaintiff's mental impairments, showing that Plaintiff's memory, insight, and judgment fluctuated" (Doc. 12, p. 3); no transcript citation was given.

The medical record dated February 28, 2012, from the one day that Plaintiff cites as evidence, shows that she appeared for a scheduled visit and complained of heart burn, blurred vision, clinching her teeth a lot, and feeling jittery (Tr.

3

485). Wiber further reported that her mood was stable and denied mood swings, depression, suicidal and homicidal ideation, anxiety, or paranoia; memory was unimpaired (*id.*). The RN noted that Plaintiff was engaging in normal, cooperative behavior and was in a normal mood with an affect appropriate to the situation (*id.*). Wiber's thoughts were logical and coherent, with no concentration impairment noted; she was not anxious (Tr. 486). No change in medications was made (Tr. 486). This is the sum total of the evidence to which Plaintiff points to support her claim.

The Court notes that the ALJ is required to "state specifically the weight accorded to each item of evidence and why he reached that decision." *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). Furthermore, social security regulations provide the following instruction:

> It is not sufficient for the adjudicator to make a single, conclusory statement that "the individual's allegations have been considered" or that "the allegations are (or are not) credible." It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for

4

that weight.

SSR 96-7p (Policy Interpretation Ruling Titles II and XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements).

In her decision, the ALJ made the following finding:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

(Tr. 23). Wiber acknowledges this conclusion, but asserts that it falls short of what is required (Doc. 12, p. 3). Therefore, the Court will point out other findings that support the ALJ's conclusion that Plaintiff was not credible.

First, the ALJ discounted several claims of severe impairment:

> The claimant has also alleged knee problems, problems with her eyesight because of her medication, and headaches. . . . At the first hearing, she testified that she has not seen physician for knee problems and that she takes no medication for this alleged condition. The claimant's medical record is limited to complaints of shortness of breath in February 2010 and dental pain on June 30, 2010. (Exhibits 6F, 7F, and

> 8F). Spirometry and chest x-rays were
> normal. (Exhibit 6F). Her psychiatric
> treatment record contains isolated
> complaints of blurry vision. She testified
> that she wears corrective contacts and has
> not spoken to her doctor regarding her eye
> problems recently. There is no evidence
> this alleged visual symptom resulted in
> functional limitations. Therefore, the
> undersigned finds the claimant's alleged
> knee problems, problems with her eyesight,
> and headaches are not medically determinable
> impairment [sic].

(Tr. 21). After finding these impairments not severe, the ALJ found that Wiber was only mildly restricted in her activities of daily living, moderately restricted in social functioning, and had moderate difficulties with regard to her concentration, persistence, and pace; Plaintiff had experienced no episodes of decompensation (Tr. 21-22). The ALJ set out her reasoning for these findings, pointing to the medical records and Wiber's own testimony.

After concluding that Plaintiff was not a credible witness, the ALJ made the following findings, all supported by the medical record: "The claimant's complaints and presentation in her treatment records do not support the severity of allegations she has alleged in support of her application for disability" (Tr. 23); "[d]espite the complaints of allegedly disabling symptoms, there have been significant periods since the alleged onset date during which the claimant has not been compliant with

6

treatment" (Tr. 24); "[t]he medical records reveal that, when the claimant takes her medications as prescribed they have been relatively effective in controlling the claimant's symptoms" (Tr. 24); "[t]he claimant has not consistently described her medication side effects" (Tr. 25); and "[t]he record reveals that the claimant's allegedly disabling impairments were present at approximately the same level of severity prior to the alleged onset date. The fact that the impairments did not prevent the claimant from working at that time strongly suggests that they would not currently prevent work" (Tr. 26).

The Court finds that the ALJ's conclusions are supported by substantial evidence. Wiber's claim that the ALJ did not properly assess her testimony is wholly without merit.

Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401. Therefore, it is **ORDERED** that the Secretary's decision be **AFFIRMED**, *see Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), and that this action be **DISMISSED**. Judgment will be entered by separate Order.

DONE this 25th day of September, 2014.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE